# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | CASE NUMBER 6:10-CR-00017-JCB-JDL |
| MICHAEL GALYEAN (4), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 25, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Galyean. The government was represented by Mary Ann Cosby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a List 1 Chemical, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 27 and a criminal history category of IV, was 130 to 162 months. On November 30, 2010, District Judge Michael H. Schneider sentenced Defendant to 120 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100 special assessment. On March 17, 2017, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to participate in a drug testing and treatment program under the guidance of his probation officer. In Allegation 7 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to attend a scheduling counseling session with a Licensed Professional Counselor

and was unsuccessfully terminated from outpatient substance abuse counseling due to noncompliance. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to attend a scheduling counseling session with a Licensed Professional Counselor and being terminated from outpatient substance abuse counseling due to noncompliance, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 7 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 8 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Michael Galyean's plea of true be accepted and he be sentenced to a term of 8 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of February, 2020.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE